UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| LENARD CHAUNCY DIXON,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN, USP-BIG SANDY,<br><br>  Respondent. | No. 7: 24-CV-033-REW<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Lenard Chauncy Dixon is a federal prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Dixon has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see* DE 1, and has paid the $5.00 filing fee, *see* DE 4. This matter is before the Court to conduct the initial screening that is required by 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), to habeas corpus petitions).

In the Memorandum submitted in support of his § 2241 petition, Dixon states that in July 2009, he pleaded guilty in the United States District Court for the District of Kansas to five counts of Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951 and 2, and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 922(g),

1

and 924(e).  *See* DE 1-1 at 2.  In December 2009, Dixon was sentenced to a term of imprisonment of 420 months.  *See id*.  Dixon's appeal to the United States Court of Appeals for the Tenth Circuit, was later dismissed.  *See id*.

In August 2011, Dixon filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court in March 2012.  *See id*. at 2-3.  Dixon also filed a Notice of Appeal with the Tenth Circuit. The Tenth Circuit denied his application for a certificate of appealability and dismissed the appeal.  *See id*. at 2.  Dixon then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied in October 2013.  *See id; see also United States v. Dixon*, 5:07-cr-40124-JAR-1 (D. Kan. 2007).

Dixon has now filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this Court.  *See* DE 1, 1-1.  In his § 2241 petition, Dixon argues that, in light of the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), his federal sentence was improperly enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").[1] Specifically, Dixon claims that "[i]n light of *Wooden*, Dixon's Hobbs Act robberies can no longer stand as separate convictions due to the fact that his multiple robberies were not separated by an intervening arrest."  *See* DE 1-1 at 10.  Rather, according to Dixon, the separate Hobbs Act robberies with which he was charged and sentenced should be considered a single predicate offense.  *See id*. at 12-13.  As relief, he requests that this Court vacate his sentence.  *See id*. at 13.

However, Dixon's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. In *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), the United States Supreme Court made clear that a

---

[1] In *Wooden*, the Supreme Court considered whether, for purposes of the application of the ACCA sentencing enhancement, a criminal defendant's ten burglary convictions arising from his burglary of ten units in a single storage facility in a single evening were convictions "for offenses occurring on different occasions, as the lower courts held, because the burglary of each unit happened at a distinct point in time, rather than simultaneously." *Wooden*, 142 S.Ct. at 1067.  The Supreme Court concluded that "[t]he answer is no," holding that "[c]onvictions arising from a single criminal episode, in the way [the defendant's] did, can count only once under the ACCA." *Id*.

2

habeas petitioner cannot invoke an intervening change in statutory interpretation – such as the Supreme Court's decision in *Wooden* – as a basis for relief in a habeas petition filed pursuant to § 2241. Prior to the Supreme Court's decision in *Jones*, several federal Circuit Courts of Appeal (including the Sixth Circuit) allowed a federal prisoner to raise such a challenge in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that the remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). However, in *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 143 S. Ct. at 1868.[2] Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 1869.

Thus, in light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e); this is the circumstance of the § 2241 petition filed by Dixon. The saving clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021). Because *Jones* makes clear that Dixon is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *Id*.

---

[2] "Since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. at 469. Accordingly, a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Id.* at 469-470. *Jones* makes clear that a federal prisoner may not raise such a claim in a § 2241 petition, either.

3

Accordingly, it is hereby **ORDERED** as follows:

1. Dixon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, DE 1, is **DISMISSED** for lack of subject-matter jurisdiction;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This the 18th day of April, 2024.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge